

UNITED STATES OF AMERICA

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN D. BURRELL | CIVIL ACTION |
| VERSUS | NO.: 00-0199 |
| R&B FALCON DRILLING USA, INC. | SECTION: D, MAGISTRATE: 5 |

**PRE-TRIAL ORDER**

1. A pretrial conference has been set before this Honorable Court on December 13, 2000, at 2:00 p.m. before the Honorable A. J. McNamara, District Judge.

2. **APPEARANCE OF COUNSEL**

    LAWRENCE A. ARCELL, T.A.
    BARKER, BOUDREAUX, LAMY AND FOLEY
    First National Bank of Commerce Building
    Suite 1122, 210 Baronne Street
    New Orleans, LA 70112-1713
    Telephone: 504/586-9395
    Attorney for the Complainant, John Burrell

    BARRY J. BOUDREAUX
    KATHRYN S. LIRETTE
    HENDERSON, REILLY & BOUDREAUX
    300 Lafayette Street
    Houma, LA 70360
    Telephone: 504/868-2081
    Attorney for R&B Falcon Drilling USA., Inc.

-1-

DATE OF ENTRY
DEC 1 4 2000

3. **DESCRIPTION OF THE PARTIES**

   Complainant, John Burrell, is a person of the full age of majority and a resident of the State of Texas.

   Defendant, R&B Falcon Drilling USA, Inc.

4. **JURISDICTION**

   Jurisdiction exists pursuant to the Jones Act, 46 U.S.C. App. §688 and the general maritime laws of the United States.

5. **PENDING MOTIONS**

   None.

6. **SUMMARY OF MATERIAL FACTS**

   A. **Complainant**

   Complainant was a Jones Act seaman working for defendant on the vessel Falcon Rig 21, in the course ans scope of his employment. The accident occurred between 8:00 a.m. and 9:00 a.m. Defendant's toolpusher called the crew together for a meeting. During the meeting he informed the crew about the job to be undertaken. He discussed the dangers involved in the job. The crew picked up an old spool of cable by crane, removed it from the rack and removed the center bar from the spool. Tim Brunet, the crane operator, lowered the spool down to the barge. The crew then installed a center bar in the new

spool and began to lift it onto the rig pipe rack. This was a slow process because of the size and weight of the spool of cable. Complainant noticed the crane boom was bouncing from the weight and angle of boom on the crane. It was at full extension (outward) when positioned on the pipe rack by the cradle. Complainant knew the crane was overloaded. The toolpusher insisted we keep going. The crew was told to keep away at a safe distance. As the spool was being placed into the rack and because of the jumping, jerking, or bouncing effect, it did not line up correctly. The crew was then told to get at arms length on the spool. Tim Brunet was directed to hoist load. When he picked up on the load, it swung and turned complainant's hand, which slipped off spool during swinging motion and was caught between the parts. The tool pusher had positioned complainant to see how parts lined up, between the V-door and spool.

After the incident, complainant saw his glove come off and he noticed the finger tip gone. He then went into a state of panic or shock. He received some first aid and hand and finger tip was placed on ice. A crewboat took him to shore and he was driven to the hospital. After all treatment was done, complainant contacted defendant's office and returned to the rig by crewboat. He was then asked to work at defendant's

yard so there would not be any lost time against the rig.

He was also asked to sign the accident report while under effects of morphine medication.

Complainant could not report to work the next day due to the effects of the medication. He was then put on light duty the next week by Dr. Maki until he was laid off at 12-30-98.

Complainant underwent three surgeries to his finger - May 4, 1998, the date of the injury; October 5, 1998 and April 16, 1999. The first surgery was at Abbeville Hospital to revise the finger after the traumatic amputation above the first joint of right ring finger. Because regrowth of nail caused extreme pain in finger, Dr. Maki revised the amputation stump and performed a nerve repair to the finger tip on October 5, 1998. Thereafter, complainant continued to have severe pain and sensitivity in the finger. Dr. Cruz, filling in for Dr. Maki, prescribed physical therapy to desensitize tip of finger. Physical therapy brought some results, but the pain and sensitivity remained at tip. Dr. Cruz removed the remaining part of the finger above the first joint on April, 16, 1999. Complainant has some loss of some bending in the finger and the tip is cold most times.

Complainant contends defendant was negligent in the spool replacement procedure by placing complainant in a position

where he could seen the entire operation. Further, complainant contends the vessel was unseaworthy in that the crane used in the spool replacement was not fit for its intended purpose.

B.  **Defendant R&B Falcon Drilling USA, Inc.**

On May 4, 1998, certain members of the crew of Rig 21 were transferring a drill line spool from a deck barge to the pipe rack of Rig 21 with the use of a crane on Rig 21. The drill line spool and the pipe rack deck of Rig 21 are shown in the pictures attached.

Falcon Drilling USA, Inc., contends its employees and those for whom they were responsible were not negligent in a manner that contributed to the accident on May 4, 1998. Rig No. 21 was in all respects seaworthy on May 4, 1998. Solely the actions and inactions of the plaintiff as shown below caused the accident and injury.

The crew was numerically adequate to safely carry out the task at hand. Seven men, including a toolpusher, a driller, a derrickman, a mechanic/electrician, and three floormen were assigned to transfer the drill line spool. The crew was adequately trained.

The toolpusher conducted a pre-tour safety meeting in

which he explained in adequate detail the procedures and the duties and responsibilities incumbent upon each participant associated with transfer of the drill line spool. When the toolpusher conducted his pre-tour safety meeting, he utilized a Job Safety Analysis, a writing which explains in detail the procedures and the safety concerns for transferring the drill line spools. The toolpusher conducted additional meetings after the drill line spool was positioned on the pipe rack deck of Rig 21 to explain what each person should do during the next stage of the transfer, to again warn all crewmembers to keep their hands only on the spool and to warn against placing hands or fingers in pinch points. The plaintiff did not follow the instructions and warnings of the toolpusher. The plaintiff admitted in his statement given shortly after the accident that he placed his right hand on the rod of the spool as the spool was lowered into stand. Placing his hand on the rod placed his hand and fingers in a pinch point between the rod and a washer on the rod. The testimony from the crew will be that the plaintiff placed his hand on the rod or on the washer as the spool was lowered into the stand causing the tip of his right ring finger to be pinched between the washer and the rod.

All equipment used for the transfer worked properly. The correct procedures were followed with the exception of the actions and inactions of the plaintiff as explained above.

Because the plaintiff placed his hand on the rod or the washer as the spool was lowered into the drill line stand, his right ring finger was pinched between the rod and the washer causing an amputation of the tip of the right ring finger. This injury has left him with no functional disability. Under local anesthesia, the plaintiff underwent an operation to repair the tip of the right ring finger on May 4, 1998. He had two additional surgeries under local anesthesia to revise the wound on October 5, 1998, and April 16, 1999. The injury and revisions have caused an amputation of the left ring finger just immediately behind the nail bed. His treating and operating physician, Dr. Neil Maki, discharged the plaintiff on August 24, 1999, with no functional restrictions. Dr. Maki gave the plaintiff an anatomical disability of five per cent. to the right hand. He was physically fit to return to work on August 24, 1999, but he had been laid-off on January 1, 1999, due to the downturn in the oil industry.

The plaintiff has no claim for loss of earnings capacity or loss of future wages. He is capable of returning to the same work he was doing at the time of his injury.

7. **UNCONTESTED MATERIAL FACTS**

   a. R&B Falcon Drilling USA, Inc., is the Jones Act employer of the plaintiff.

   b. R&B Falcon Drilling USA, Inc., is the owner and operator of Rig No. 21.

   c. Rig No. 21 was a vessel in navigation on May 4, 1998.

   d. The plaintiff was a seaman and was assigned to work on Rig No. 21.

   e. The plaintiff injured his right ring finger on May 4, 1998, while assisting in transferring a drill line spool to the pipe rack deck of Rig No. 21.

   f. The treating physician is Dr. Neil Maki and/or Dr. Pirela-Cruz.

   g. Dr. Neil Maki, discharged the plaintiff on August 24, 1999, and released him for all activities with no restrictions.

   h. Dr. Maki gave the plaintiff an anatomical disability of five per cent to the right hand.

8. **CONTESTED ISSUES OF FACT**

   a. Negligence of defendant, if any;

   b. Negligence of complainant if any;

   c. Nature and extend of complainant's injury

d. Complainant's pecuniary damages;

e. Complainant's non-pecuniary damages;

f. Whether the plaintiff was an experienced floorhand.

g. Whether the plaintiff was adequately trained.

h. Whether the crew participating in the transfer of the drill line spool was adequately trained and experienced.

i. Whether the plaintiff was warned not to place his hand on the rod that went through the drill line spool.

j. Whether the plaintiff place his hand on the rod that went through the middle of the drill line spool or the washer of the drill line spool during the transfer of the drill line spool.

k. Whether the injury was caused by the negligence of the plaintiff.

l. Whether the plaintiff grabbed the washer during the transfer.

m. Whether the toolpusher used the Job Safety Analysis during his pretour safety meeting and subsequent meetings during various stages of the transfer of the drill line spool.

n. The credibility of the plaintiff.

9.  **CONTESTED ISSUES OF LAW**

    a.  The negligence of defendant, if any.

    b.  The comparative negligence of complainant, if any.

    c.  Whether the vessel was unseaworthy.

    d.  Whether complainant is entitled to pecuniary damages, as a matter of law.

    e.  Whether complainant is entitled to non-pecuniary damages, as a matter of law.

10. **EXHIBITS**

    A.  **COMPLAINANT**

    1.  Daily Drilling Reports

    2.  Medical records - Abbeville General Hospital

    3.  Medical records - Thibodaux General Hospital

    4.  Medical records - Dr. Neil Maki

    5.  Complainant's personnel file

    6.  Complainant's payroll records

    7.  Accident report

    8.  Defendant's job safety analysis worksheet

    9.  Defendant's discovery answer including all attachments

    10. Any exhibit listed by any party to this litigation.

**B.      DEFENDANT R&B FALCON DRILLING USA, INC.:**

1.  Personnel file and ADA file of John D. Burrell for his employment with R&B Falcon Drilling USA, Inc.;

2.  Job safety analysis for transferring drill line spools;

3.  Employer's First Report of Injury/Illness;

4.  IADC report for May 4, 1998;

5.  Photographs of the drill line spool and rig;

6.  Earnings records of John D. Burrell - income tax returns, W-2s, Social Security earnings records and records of earnings from R&B Falcon Drilling USA, Inc.;

7.  Personnel files from employers previous to and subsequent to the employment of John D. Burrell with R&B Falcon Drilling USA, Inc.;

8.  Medical records of Dr. Neil J. Maki;

9.  Medical records of Dr. Stephen Landry;

10. Medical records of Dr. Miguel Pirela-Cruz;

11. Medical records of Abbeville General Hospital;

12. Medical records of Thibodaux Orthopaedic and Sports Medicine Clinic;

13. Medical records of Thibodaux Regional Medical Center; and Any exhibit listed by John D. Burrell.

14. SAFETY MANUAL OF R & B Falcon Drilling USA, Inc.

11. **DEPOSITION TESTIMONY**

    Complainant and defendant reserve the right to utilize any deposition testimony of any witness or party to this litigation for all purposes allowed under the Federal Rules of Civil Procedure.

12. **CHARTS, GRAPHS, ETC.**

    Complainant and defendant may use diagrams to depict the vessel and the scene of the accident in question.

13. **WITNESSES**

    A. **Complainant**

    1. **WILL CALL**

        a)  John Burrell - will testify as the facts surrounding the incident; condition of the spool; duties and work orders; his prior medical health; medical condition after the fall; lost wages; prior and current physical condition.

    2. **MAY CALL**

        a)  Dr. Henry Kaufman, Abbeville, Louisiana - by deposition; medical expert, nature and extent

      of complainant's injuries; treatment for condition; future medical costs; disability.

  b) Dr. Neil Maki, 525 St. Mary Street, Thibodaux, Louisiana - by deposition; medical expert, nature and extent of complainant's injuries; treatment for condition; future medical costs; disability.

  c) Dr. Miguel Pirela-Cruz, 525 St. Mary Street, Thibodaux, Louisiana - by deposition; medical expert, nature and extent of complainant's injuries; treatment for condition; future medical costs; disability.

  d) Sam Ridgeway - to testify to facts surrounding the accident;

  e) Ronald Schexnaider - to testify to facts surrounding the accident;

  f) Timothy Brunet - to testify to facts surrounding the accident;

  g) Curtis Hampton - to testify to facts surrounding the accident;

  h) David Rawson - to testify to facts surrounding the accident;

  i) Eugene Romero, Jr. - to testify to facts surrounding the accident;

  j) Herbert Abshire, Sr. - to testify to facts surrounding the accident;

  k) Any witness listed by any other party.

**B. R&B Falcon Drilling USA, Inc.'s List of Witnesses:**

**1) WILL CALL**

  a) John D. Burrell-facts and injures

    b)    Ronald Schexnayder-rig supervisor; facts surrounding the injury; procedures and safety involved in the transfer of the spool;

    c)    Herbert L. Abshire, Sr.- facts surrounding the injury

    d)    Sawodi Samuel Ridgeway- facts surrounding the injury

    e)    Timothy A. Brunet- facts surrounding the injury

    f)    Dr. Neil J. Maki - Thibodaux Orthopedic and Sports Medicine medical expert, nature and extent of complainant's injuries, and lack of disabilities.

    g)    Eugene Romero-facts and circumstances surrounding the accident;

**2)**    **MAY CALL:**

    a)    Allen Gros-rig superintendent; procedures and safety involved in the transfer of the spool; safety and facts and circumstances surrounding the accident.

    b)    David H. Rawson facts and circumstances surrounding the accident.

    c)    Curtis K. Hampton facts and circumstances

surrounding the accident.

   d) Jill Bonvillain-maintenance and cure payments of R & B Falcon Drilling USA, Inc.

   e) Dr. Stephen Landry - Thibodaux Regional Medical-medical treatment of the plaintiff

   f) Dr. Miguel Pirela - Cruz - Thibodaux Regional Medical Center-medical treatment of the plaintiff

   g) Any witnesses listed by John D. Burrell.

14. **BENCH VERSUS JURY TRIAL**

    This matter is to be tried to a JUDGE.

15. **BIFURCATION**

    "The issue of liability (will or will not) be tried separately from that of quantum."

16. **ANY OTHER MATTERS**

    None.

17. **LENGTH OF TRIAL**

It is estimated the trial of this matter will take one day.

18. **FORMULATION OF PRE-TRIAL ORDER**

    This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court or by order of the Court to prevent manifest injustice.

19) **SETTLEMENT**

    The possibility of settlement of this case was considered.

    _____
    HONORABLE A. J. MCNAMARA

    _____
    LAWRENCE A. ARCELL
    Barker, Boudreaux, Lamy and Foley
    Suite 1122, 210 Baronne Street
    New Orleans, LA  70112-1713
    Telephone: 504/586-9395
    Attorney for Complainant

_____
BARRY J. BOUDREAUX (# 1721)
KATHRYN S. LIRETTE (#25142)
HENDERSON, REILLY & BOUDREAUX
300 Lafayette Street
Houma, LA 70360
Telephone: 504/868-2081
Attorney for R&B Falcon Drilling
USA., Inc.